UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNIVERSITY OF MASSACHUSETTS,
University of Massachusetts Amherst
Goodell Building, Room 512
Amherst, MA 01003-3290
and

ADVANCED CELL TECHNOLOGY, INC.,
One Innovation Drive
Worcester, MA 01605

                Plaintiffs,

v.

ROSLIN INSTITUTE (EDINBURGH),
Roslin BioCentre
Midlothian EH25 9PS
Scotland UK,

GERON CORPORATION,
230 Constitution Drive
Menlo Park, CA 94025,
and

EXETER LIFE SCIENCES, INC.,
4455 Camelback Road, Phoenix,
AZ 85018

                Defendants.

CIVIL ACTION
Docket No:

## COMPLAINT UNDER 35 U.S.C. § 146

Plaintiffs University of Massachusetts and Advanced Cell Technology, Inc. (collectively,

"Advanced Cell") bring this action against defendants Roslin Institute (Edinburgh), Geron

Corporation and Exeter Life Sciences, Inc. (collectively, "Geron"), pursuant to 35 U.S.C. § 146,

to reverse decisions by the Board of Patent Appeals and Interferences regarding a patent to

methods of cloning non-human animals.  Geron's inventors cloned "Dolly" from the cells of an

adult ewe and received a U.S. patent for the method they used: nuclear transfer with a quiescent donor cell. Advanced Cell's inventors cloned "George" and "Charlie" from the cells of an adult cow, also using nuclear transfer, but with a cycling (non-quiescent) donor cell. They also received a U.S. patent. Geron provoked the subject interference with a new claim that its named inventors had invented animal cloning from a non-quiescent donor cell. Based on the limited evidence available to it, the Board of Patent Appeals and Interferences ruled in Geron's favor. The evidence that will now be available to the Court will show that Geron's allegations are unsupportable.

### The Parties

1.     Plaintiff University of Massachusetts is a public institution of higher education of the Commonwealth of Massachusetts, with a campus in Amherst, Massachusetts.

2.     Plaintiff Advanced Cell Technology, Inc. is a Delaware corporation with its principal place of business in Worcester, Massachusetts.

3.     Defendant Roslin Institute (Edinburgh) is a company incorporated in Scotland with its principal place of business in Midlothian, Scotland, Great Britain.

4.     Defendant Geron Corporation is a Delaware corporation with its principal place of business in Menlo Park, California.

5.     Defendant Exeter Life Sciences, Inc. is an Arizona corporation with its principal place of business in Phoenix, Arizona.

### Jurisdiction and Venue

6.     This court has jurisdiction over this action under 28 U.S.C. § 1338(a) and 35 U.S.C. § 146.

7.     Venue is proper in this district under 28 U.S.C. § 1391(b) and 35 U.S.C. § 146.

## Procedural Background

8.      This action arises from decisions by the U.S. Patent and Trademark Office Board of Patent Appeals and Interferences ("the Board") in Interference No. 104,746 ("the '746 Interference").

9.      The '746 Interference concerned U.S. Patent No. 5,945,577 issued on August 31, 1999 to Steven Stice et al. based on an application filed on January 10, 1997 ("the Stice patent") and a patent application said to be by Keith Campbell et al. filed on August 29, 2000, purporting to claim priority back to an application filed in Great Britain on August 31, 1995 ("the Campbell application").

10.     Plaintiff University of Massachusetts is the assignee of the Stice patent.  The University licensed the Stice patent exclusively to plaintiff Advanced Cell Technology, Inc.

11.     Defendant Roslin Institute (Edinburgh) is the assignee of the Campbell application.  Roslin has licensed the Campbell application to defendants Geron Corporation and Exeter Life Sciences, Inc.

12.     On December 20, 2004, the Board entered judgment against Stice et al. and in favor of Campbell et al. in the '746 Interference.

13.     The parties hereto are identified by the Board as the real parties-in-interest in its decision of December 20, 2004, the most recent of the decisions complained of.

14.     As is commonplace in such administrative proceedings, no discovery was conducted in the course of the '746 Interference.  Consequently, the evidence that was presented to the Board was incomplete and/or misleading.

**Plaintiffs' Dissatisfaction with the Decisions by the Board**

15.     Advanced Cell is dissatisfied with the decision by the Board on the preliminary motions, dated March 15, 2004, and with its decision on the issue of priority, dated December 20, 2004 in the following respects:

 a.   the Board erroneously gave the Campbell application the benefit of the filing date of the British application when that application did not satisfy the requirements of § 112, ¶ 1, including a written description of the subject matter of the interference count and an enabling disclosure;

 b.   the Board should have found the claims in the Campbell application unpatentable because they omit essential elements, and thereby both fail to correspond with any subject matter that Campbell either conceived or reduced to practice and fail to comply with § 112, ¶ 1;

 c.   the Board incorrectly ruled that the Stice claims were unpatentable for failing to satisfy the written description requirement of § 112, ¶ 1; and

 d.   the Board erroneously ruled that Campbell had priority to the invention, when Stice et al. were the first to conceive the invention and reduce it to practice.

16.     Plaintiffs have been harmed by the Board's decisions, which were erroneous both in fact and in law.

**Prayer for Relief**

Plaintiffs pray for a judgment reversing the Board's decisions and decreeing:

 a.     that the Campbell application is not entitled to the August 31, 1995 priority date;

 b.     that the claims in the Campbell application are unpatentable or invalid;

 c.     that the claims in the Stice patent are not invalid;

d.    that Stice et al. have priority to the invention which is the subject matter of the

'746 Interference; and

e.    that plaintiffs receive such other and further relief as the Court may deem just.


Respectfully submitted,


Charles L. Gholz (Bar No. 58,396)
OBLON, SPIVAK, McCLELLAND, MAIER
        & NEUSTADT, P.C.
1940 Duke Street
Alexandria, Virginia  22314
Tel:    (703) 412-6485

*Of Counsel:*
Robert H. Stier, Jr.
PIERCE ATWOOD
One Monument Square
Portland, Maine  04101
Tel:    (207) 791-1100

*Attorneys for plaintiffs*