UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNIVERSITY OF MASSACHUSETTS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 1:05-cv-00353-RMU |
| v. ) | Judge Ricardo M. Urbina |
| ) | |
| ROSLIN INSTITUTE, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## LCvR 16.3(d) REPORT OF COUNSEL

Plaintiffs University of Massachusetts and Advanced Cell Technology, Inc. and Defendants Roslin Institute (Edinburgh), Geron Corporation and Exeter Life Sciences, Inc., having conferred pursuant to Local Civil Rule 16.3, respectfully submit this report pursuant to the Local Civil Rule 16.3 and the court's standing order for civil cases.

### Statement of the Case

Plaintiffs filed this action pursuant to 35 U.S.C. § 146 to reverse several decisions by the Board of Patent Appeals and Interferences of the U.S. Patent and Trademark Office in an interference proceeding regarding methods of animal cloning. Section 146 provides:

> Any party to an interference dissatisfied with the decision of the Board of Patent Appeals and Interferences on the interference, may have remedy by civil action, if commenced within such time after such decision, not less than sixty days, as the Director appoints or as provided in section 141 of this title, unless he has appealed to the United States Court of Appeals for the Federal Circuit, and such appeal is pending or has been decided. In such suits the record in the Patent and Trademark Office shall be admitted on motion of either party upon the terms and conditions as to costs, expenses, and the further cross-examination of the witnesses as the court imposes, without prejudice to the right of the parties to take further testimony. The testimony and exhibits of the record in the Patent and Trademark Office when admitted shall have the same effect as if originally taken and produced in the suit.

Such suit may be instituted against the party in interest as shown by the records of the Patent and Trademark Office at the time of the decision complained of, but any party in interest may become a party to the action. If there be adverse parties residing in a plurality of districts not embraced within the same state, or an adverse party residing in a foreign country, the United States District Court for the District of Columbia shall have jurisdiction and may issue summons against the adverse parties directed to the marshal of any district in which any adverse party resides. Summons against adverse parties residing in foreign countries may be served by publication or otherwise as the court directs. The Director shall not be a necessary party but he shall be notified of the filing of the suit by the clerk of the court in which it is filed and shall have the right to intervene. Judgment of the court in favor of the right of an applicant to a patent shall authorize the Director to issue such patent on the filing in the Patent and Trademark Office of a certified copy of the judgment and on compliance with the requirements of law.

Plaintiffs' research was carried out at the University of Massachusetts; Defendants' research was performed at the Roslin Institute in Scotland. These two parties are the assignees of the patents and patent applications arising from their respective research activities. The remaining parties are the licensees of those patent rights. This court has jurisdiction over this action under 28 U.S.C. § 1338(a) and 35 U.S.C. § 146.

## Matters Discussed by the Parties

The parties report the following as to each of the items enumerated in LCvR 16.3(c). Except as indicated, the parties are in agreement as to the responses provided.

(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

Plaintiffs contend that disputed issues of fact make it unlikely that the case will be disposed of by dispositive motion. Defendants assert that the Plaintiffs lack admissible evidence to support essential elements of their alleged grounds for reversal and that, therefore, the case is ripe for summary resolution.

    (2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

September 1, 2005.

    (3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

The case should not be assigned to a magistrate judge.

    (4) Whether there is a realistic possibility of settling the case.

There is a realistic possibility of a settlement. In fact, the matter nearly settled during the interference proceedings, and the parties are currently engaged in serious settlement negotiations.

    (5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

Because the settlement terms under discussion involve significant business, transactional and licensing issues, it is not likely that ADR procedures will assist meaningfully in resolving this matter; however, significant cost savings and practical advantages would be obtained by staying discovery until September 1, 2005 to give the parties a reasonable time to reach an agreement and document its terms.

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

As indicated in response to item 1 above, the parties have a difference of opinion on this issue. Accordingly, the parties propose the following schedule for filing briefs on dispositive motions and decisions on those motions.

*Dispositive Motions*

To be filed at any time on or before July 14, 2006.

*Oppositions to Dispositive Motions*

To be filed 21 days after service of the dispositive motion.

*Replies in support of Dispositive Motions*

To be filed 14 days after service of the opposition to the dispositive motion.

*Decision on Dispositive Motions*

As soon as convenient for the court but at least 90 days before trial.

(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

The parties agree to dispense with the initial disclosures.

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

As reflected in the pleadings, the parties disagree about the extent of discovery available in this action and wish to advise the court that motions may be filed on this topic.

If the case does not settle by September 1, 2005, the parties propose the following case schedule:

| | |
|---|---|
| September 15, 2005 | Entry of protective order; service of any appropriate initial written discovery |
| March 15, 2006 | Completion of fact discovery |
| April 3, 2006 | Service of expert reports on issues for which each party bears the burden of proof at trial |
| May 15, 2006 | Service of rebuttal expert reports |
| June 30, 2006 | Completion of expert discovery |
| June-July, 2006 | Status conference; selection of trial date |
| July 14, 2006 | Deadline for filing of any appropriate dispositive motions |
| October 20, 2006 | Pretrial conference |

(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

There is no need for modification of information to be exchanged pursuant to Rule 26(a)(2).

(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

Not applicable.

(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

The parties have proposed a stay of discovery until September 1, 2005; discovery is not otherwise managed in phases.

(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

October 20, 2006.

(13)  Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

The parties propose that the trial date be selected at a status conference held in June or July, 2006, near the end of all discovery.

(14)  Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

The parties propose that with respect to any issues that were not decided by the Board of Patent Appeals and Interferences, if the court reverses the Board's decision, it should remand to the Board for a determination of those issues.

Respectfully submitted,

Charles L. Gholz (Bar No. 58,396)
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, Virginia 22314
Tel:  (703) 412-6485

*Of Counsel:*
Robert H. Stier, Jr.
PIERCE ATWOOD LLP
One Monument Square
Portland, Maine 04101
Tel:  (207) 791-1100

*Attorneys for plaintiffs*

/s/ Lara C. Kelley
Charles E. Lipsey, D.C. Bar #247049
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675
Phone: (571) 203-2700
Fax: (202) 408-4400

Lara C. Kelley, D.C. Bar # 467837
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001-4403
Phone: (202) 408-4000
Fax: (202) 408-4400

*Attorneys for Defendants*